IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JORDAN ANDRE MARKELLE ALEXIS,

    Petitioner,

vs.                                                                      Case No. 21-cv-158 RB-JFR

S. HIJAR,

    Respondent.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Petitioner Jordan Andre Markelle Alexis' Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1.) Petitioner challenges the execution of his federal sentence, and in particular, the failure to credit time spent on home confinement. (*See id.* at 7.) Petitioner originally filed the Petition in the United States District Court for the District of Colorado. The Colorado District Court determined it lacked jurisdiction over the Petition pursuant to *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). *Rumsfeld* holds that where "habeas petitions challeng[e] present physical confinement, jurisdiction lies in only one district: the district of confinement." 542 U.S. at 443; *see also Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (claims that "attack the execution of a sentence . . . must be filed in the district where the prisoner is confined").

    Petitioner is confined at FCI La Tuna. *See* https://www.bop.gov/inmateloc/. (*See also* Doc. 1 at 1.) His Petition states FCI La Tuna is located in Anthony, New Mexico, but the prison actually sits in Anthony, Texas. (*Compare* Doc. 1 at 1, *with* www.bop.gov/locations/institutions/lat/.) This is a common mistake. FCI La Tuna has facilities that abut the Texas/New Mexico border, and possibly even cross into New Mexico, but the physical/legal address remains in Texas. *See*, *e.g.*,

*Ayika v. United States*, EP-20-CV-124-DB, 2020 WL 2494730, at *1 (W.D. Tex. May 14, 2020) (analyzing a § 2241 petition and noting that La Tuna sits in Texas). Because Petitioner stated he was confined in New Mexico and consistent with *Rumsfeld*, the Colorado District Court transferred the case to this Court. (*See* Doc. 3.) For the reasons above, however, the New Mexico District Court is also an improper venue to adjudicate Petitioner's § 2241 habeas claims. *See Brace*, 634 F.3d at 1169. FCI La Tuna is located in Anthony, El Paso County, within the jurisdiction of the El Paso Division of the United States District Court for the Western District of Texas. *See* 28 U.S.C. § 124(d)(3).

District Courts may *sua sponte* consider dismissal or transfer based on improper venue when the jurisdictional defects are clear from the face of the proceeding. *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). In lieu of dismissal, and in the interest of justice, the Court may transfer a case to any district where venue is proper. *See Johnson v. Christopher*, 233 F. App'x 852, 854 (10th Cir. 2007) ("To be sure, the district court has discretion . . . to transfer [an inmate's] case" *sua sponte*). To determine whether a transfer is in the interest of justice, courts consider: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith . . . ." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see also Faulkenburg v. Weir,* 350 F. App'x 208, 210 (10th Cir. 2009) (applying the same factors to a venue transfer). There is no indication that the claims are time-barred, and the allegations regarding the misapplication of sentence credits warrant at least an initial review. The Court will therefore transfer the Petition to the United States District Court for the Western District of Texas, El Paso Division.

**IT IS ORDERED** that the Clerk of Court shall **TRANSFER** the Petitioner Jordan Andre

Markelle Alexis' Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (**Doc. 1**) to the United States District Court for the Western District of Texas, El Paso Division, and **CLOSE** this civil case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE